## D. CLARK V. THE STATE.

No. 10237.   Delivered February 9, 1927.

**Sale of Intoxicating Liquor—Evidence of Sale—Sufficient.**

Where appellant carried prosecuting witness, Richardson, to where two quart bottles of whiskey were concealed and took one bottle of same to a fire where it was consumed by Richardson and others and accepted three dollars from said witness in payment of his part of said liquor, appellant admitting that the whiskey belonged to him, this transaction constituted a sale.

Appeal from the District Court of Polk County.   Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Rowe & Rowe* of Livingston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Polk County of the unlawful sale of intoxicating liquor, punishment one year in the penitentiary.

We have here a case in which the accused testifies positively that certain whiskey was his; that it had been left for him at a place where it had often been left before by a negro.   The last words spoken by him when a witness were, "The whiskey was mine."   It appears that after same had been so left one Richardson and another suggested to appellant that they wanted something to drink and were informed by him that he knew where they could get it.   He piloted them to the place where two quarts of whiskey were concealed behind a log.   The whiskey was then carried back to a fire where part of it was consumed and that left in one bottle was carried away by Richardson, who swears positively that he paid appellant three dollars for a bottle of said whiskey, or for his part of the expense of the party.   These facts make out a plain case of sale of the whiskey.   We see no need for an instruction defining a sale.   If Richardson bought directly and by agreement one bottle of appellant's whiskey,—or if the party drank appellant's whiskey and Richardson paid him for a proportionate part of that used, in either event this would be a

sale.   The court told the jury that in order to convict they must believe beyond a reasonable doubt that appellant sold intoxicating liquor to Richardson.

The refusal of special charges in effect that if the money was paid to appellant as Richardson's part of the expense of a drinking party, etc., was in no sense erroneous.   One may not invite his friends to a drinking party in this state wherein he furnishes liquor belonging to him and each or all the others pay him for their part, or a proportionate part of the whiskey consumed.   Such conduct would be a violation of the law.   Appellant denied receiving any money from Richardson.   Appellant's attorneys obtained from Richardson a written statement deemed by them contradictory of his testimony as given on this trial, a part of which was introduced in evidence.   The credibility of the witnesses and the weight to be given their testimony were for the jury.

Finding no error in the record, the judgment will be affirmed.
*Affirmed.*